UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVA LEONA VALLERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5066** |
| **AMERICAN GIRL DOLLS** | **SECTION "S" (3)** |

## ORDER

Before the Court is the Motion to Enter an Amended Complaint [Doc. #32] filed by *pro so* plaintiff Melva Leona Vallery  Also before the Court is Vallery's Asking Leave to Enter an Updated Amended Comparison Citings of Copyright Infringement of M.L. Vallery v. Mattel/American Girl. [Doc. #52]. Defendant American Girl, L.L.C. vehemently opposes both motions. Having reviewed the motions, the oppositions, and the case law, the Court rules as follows.

### I. Background

On July 16, 2013, current *pro se* plaintiff Melva Leona Vallery filed this copyright lawsuit against American Girl Dolls and Evelyn Coleman.  Vallery alleges that Evelyn Coleman's novel "The Cameo Necklace: A Cecile Mystery," published by defendant American Girl Dolls ("American Girl"), infringes on her novel, "Baba Grace and the Necklace."  Attached to Vallery's complaint is a list of alleged similarities between the novels.  Vallery seeks $300,000,000 and on-going royalties.

Ultimately, counsel for Vallery moved to dismiss all defendants without prejudice and have

now withdrawn from the lawsuit.  Vallery then moved to re-open the lawsuit *pro se*.  The District Court granted the motion.  In her motion to re-open, Vallery mentions two other authors and nine other works that infringe her novel, but the other two authors have not been properly added to the lawsuit.  The motion to amend seeks to accomplish that goal.

## II.     Law and Analysis

Under Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  In deciding whether to allow amendment of the complaint, the Court must consider any "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).  An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.  *Id.*  Therefore, the Court reviews the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (citation internal and quotation marks omitted).

The ultimate question under Rule 12(b)(6) is whether "in the light most favorable to the plaintiff and with every doubt resolved in [the plaintiff's] behalf, the complaint states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).  It is well settled, however, that to state a proper cause of action, "a plaintiff must plead specific facts, not mere conclusory allegations." *Id.* ("[w]e will . . . not accept as true

conclusory allegations or unwarranted deductions of fact") (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The burden is on the plaintiff to set forth sufficient facts that, if accepted as true, would suggest that she is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (explaining that "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (quotation omitted)).

A court is generally not allowed to consider material from outside the pleadings when deciding a motion to dismiss. Fed. R. Civ. P. 12(d). However, documents that a defendant attaches to a motion to dismiss may be considered "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins*, 224 F.3d at 498-99). In copyright cases, the asserted and accused works are "central" to the infringement claim and thus may be considered. *See, e.g., Rucker v. Harlequin Enters., Ltd.*, Civ. A. No. H-12-1135, 2013 WL 707922, at *1 n.1 (S. D. Tex. Feb. 26, 2013) ("Works referenced in the pleading and critical to the claims are properly considered on a Rule 12(b)(6) motion without converting it to one for summary judgment."); *Randolph v. Dimension Films*, 630 F. Supp. 2d 741, 745 (S. D. Tex. 2009) ("*Randolph I*"); *see also Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986) ("in copyright infringement cases the works . . . supersede and control contrary descriptions of them").

To state a claim for copyright infringement, a plaintiff must allege the "(1) ownership of a valid copyright and (2) unauthorized copying." *Peel & Co. Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). As defendant recognizes, Vallery properly alleges ownership, but she has not

pleaded facts that show that American Girl supposedly "copied" her "Baba Grace" work.

Copying may be established by "direct evidence of copying" or it may be "inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *See id*. Vallery has not identified any direct evidence that would support a claim that American Girl copied her book, such as "party admissions, witness accounts of the physical act of copying, [or] common errors in the works[.]" *cf. Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006) (compiling examples of "direct evidence" cases). Thus, Vallery must instead try to establish copying by offering circumstantial proof of "access" and "similarity." *See id.*

To allege "access," Vallery must plead sufficient facts that, accepted as true, would permit a trier of fact to conclude that American Girl "had a reasonable opportunity to view [her] copyrighted work" before creating its own works. *See id.* Alleging a "bare possibility" of access will not suffice, nor can a plaintiff rely on "speculation or conjecture." *See id.* at 394-95; *see also id.* at 396-97 (discussing *Ferguson v. Nat'l Broad Co.*, 584 F.2d 111 (5th Cir. 1978) & *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62 (5th Cir. 1994)) (cases where "access" was not found even though plaintiffs' unpublished works were sent to some third parties). In her amended complaint, Vallery has not pleaded facts that would demonstrate that American Girl had direct access to her works.

Because she can not plead facts to show that American Girl had direct access to her works, Vallery seeks to rely on a judicial inference of "access." [Doc. #32-1 at ¶¶ 5, 31]. To infer access, however, a plaintiff must show that the protected and accused works "are so strikingly similar as to preclude the possibility of independent creation . . . ." *See Peel*, 238 F.3d at 395 (quoting *Ferguson*,

4

584 F.2d at 113).

The test for "striking similarity" is "stringent" and imposes a "much higher standard" than that for "substantial similarity." *See Guzman v. Hacienda Records & Recording Studio, Inc.*, Civ. A. No. 6-12-CV-42, 2014 WL 6982331, at \*\*4-5 (S.D. Tex. Dec. 9, 2014). Vallery acknowledges that "the mere existence of multiple similar characteristics is not enough." [Doc. #31-1 at ¶ 55]. Rather, a court, based on its own independent review of the works, ***and without reliance on any "aid or suggestion"*** from the plaintiff, must conclude not only that there is overwhelming similarity between the works at issue, but that the similarity "could only be explained by actual copying." *See Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007) (citing *Selle v. Gibb*, 741 F.2d 896, 904 (7th Cir. 1984) (the similarity must be "of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source") (emphasis added); *see also Peel*, 238 F.3d at 398 ("Under the ordinary observer or audience test . . . a layman must detect piracy ***without any aid or suggestion or critical analysis by others***. The reaction of the public to the matter should be spontaneous and immediate.") (internal quotes omitted) (emphasis added). Because this Court can not rely on any analysis or suggestion from plaintiff – or indeed, anyone else – this Court DENIES Vallery's Asking Leave to Enter an Updated Amended Comparison Citings of Copyright Infringement of M.L. Vallery v. Mattel/American Girl. [Doc. #52].

American Girl has provided the Court with all ten works, Vallery's "Baba Grace" work and the nine American Girl books, to compare, and having reviewed them cursorily, the Court finds that a reasonable layman – such as this Court – who compares the works side-by-side and in their entireties, finds them to be wholly dissimilar in total concept and feel. *See Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)*; cf., e.g., Randolph I*, 630 F. Supp. 2d at 746, 748-49

(when assessing the similarity of works, a court will look to see whether, among other things, "there are articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events").

As merely one example of the Court's comparison, the Court juxtaposes "The Necklace of Baba Grace" with "The Cameo Necklace," the American Girl novel referenced in Vallery's original complaint. Vallery's "Baba Grace" story is an adult-oriented, dark tale that centers on Louisa, a 17-year old girl with mystic powers who, although she lives in post-Reconstruction New Orleans, travels to France to recover a magic amulet that once belonged to her grandmother and which Louisa's mother hid when it was in her possession. This novel is over 270 pages long and was obviously written with mature readers in mind, as it includes scenes involving murder, a revenge killing, demon-fighting, visions, supernatural experiences, and time travel. [Doc. #49-1 at pp. 75-76, 80, 88-89, 145-46, 148-49, 172-77, 196-98, 213-16, 231-32]. The story is also replete with racial epithets (the "n" word is used more than forty times), references childhood drinking, and features both a sex scene and a scene where the father of the female protagonist sneaks into a house and kills a man in cold blood as a favor to a family friend (whose son the man had murdered). [*See id.* at pp. 32, 128, 145-46, 148-49, 186-87, 197, 248-50, 268]. None of this is appropriate fare for young girls, the target audience of American Girl's books.

On the other hand, "The Cameo Necklace" is the story about 11-year old Cecile in Antebellum New Orleans who attends the circus and while there happens to lose a beautiful (but not magical) cameo necklace that she borrowed from her aunt. She assumes someone picked the necklace up, and she identifies five characters who were there when she lost the necklace and sets out to determine whether any of them has it. [ Doc. #49-9 at pp. 1-6, 9-11, 14-19, 22-26, 39, 56-58,

6

70-72, 92-95, 109-110, 113-19]. She returns to the circus (where she rides an elephant); has an encounter with a slave catcher (slavery is still legal during Cecile's time, unlike in Vallery's story); and eventually discovers who has the necklace, which she recovers and returns to her aunt before eventually helping her family's maid (a runaway slave) escape to freedom. [*See id.* at pp. 36-41, 48-50, 123-26, 130, 137-39, 144-54]. It is a 156-page novel geared toward young children, and in the end everyone lives happily ever after.

The mere fact that both novels address a lost necklace is alone insufficient to meet Vallery's burden here. And none of other eight American Girl works share legally-relevant similarities with Vallery's "Baba Grace" work with regard to "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events," *see Randolph*, 630 F. Supp. 2d at 746 ("a party claiming infringement may place no reliance upon any similarity in expression resulting from' unprotectable elements") (quote omitted), let alone similarities so "striking" that they would lead a reasonable person to believe that there is no way the works could have been independently created. *Cf. Peel*, 238 F.3d at 395. No reasonable layperson could read the works at issue here, compare them side-by-side, and objectively consider them to be similar, let alone strikingly similar, which is what Vallery must show to secure an inference of "access." *See Peel*, 238 F.3d at 395. This Court thus finds that any attempt to amend the complaint is futile.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Enter an Amended Complaint [Doc. #32] is DENIED.

**IT IS FURTHER ORDERED** that Vallery's Asking Leave to Enter an Updated Amended Comparison Citings of Copyright Infringement of M.L. Vallery v. Mattel/American Girl [Doc. #52]

is DENIED.

New Orleans, Louisiana, this 6th day of April, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**